# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## LEWIS T. BABCOCK, JUDGE

Civil Case No.  08-cv-02049-LTB

JAMES N. LANGE, JR.,

       Plaintiff,

v.

CITY OF GRAND JUNCTION, COLORADO,
STAN HILKEY, in his official capacity as Mesa County Sheriff,
GLEN COYNE, in his individual capacity,
BRANDI POWER, in her individual capacity,
MICHAEL MILLER, in his individual capacity,
DEREK ROSALES, in his individual capacity,
CRAIG TYER, in his individual capacity,
WAYNE WEYLER, in his individual capacity, and
KEITH WILSON, in his individual capacity,

       Defendants.

_____

## ORDER
_____

This police misconduct case is before me on Defendants, Michael Miller, Craig Tyer, and

Wayne Weyler's ("Defendants"), Motion Pursuant to FED. R. CIV. P. 4(m) and FED. R. CIV. P.

12(b)(5) to Dismiss Complaint or to Quash Service [**Docket # 16**]; Plaintiff's Response and

Motion for Extension of Time to Serve Complaint and Proof Thereof [**Docket # 29**]; Defendants'

Reply to Plaintiff's Response [**Docket # 32**]; Defendants' Response to Plaintiff's Motion

[**Docket # 33**]; and Plaintiff's Reply to Defendant's Response [**Docket # 36**].  Plaintiff has also

filed an Amended Motion for Extension of Time to Serve Complaint [**Docket # 36**].  Oral

argument would not materially assist the determination of these motions.  After consideration of

the motions, the papers, and the case file, and for the reasons stated below, I GRANT

Defendants' Motion [**Docket # 16**] and DENY Plaintiff's Motions [**Docket ## 29, 36**].

The facts relevant to the present motions are as follows. The original Complaint in this case—which named all three Defendants in their individual capacities—was filed on September 23, 2008 [**Docket # 1**]. As of February 17, 2009, Plaintiff has failed to serve Defendants personally. Defendants now move for dismissal of the case against them for failure to obtain service within 120 days, as required by FED. R. CIV. P. 4(m). Plaintiff moves for an extension of time to serve the Complaint on Defendants.

Under Rule 4: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). An individual may be served by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling place or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e). Colorado state law allows service "by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process." COLO. R. CIV. P. 4(e)(1).

Plaintiff proffers the following as proof of service: (1) waiver of service forms sent to, but never returned by, the Mesa County Attorney, the Mesa County Sheriff, and Defendants' attorney; (2) a packet containing a copy of the complaint and summons left with Defendants' alleged supervisor, Lieutenant Rosales, at the Mesa County Sheriff's Office for each Defendant; and (3) a packet containing the summons, the initial complaint, and the two amended complaints left with Mesa County Sheriff Stan Hilkey for each Defendant. Such attempts at service are inadequate under federal and Colorado law. *See Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) ("When a plaintiff proceeds against an agent of the government in his or her individual capacity, the plaintiff must effect personal service on that agent . . . Service on [the agency], therefore, did not constitute service on [agency] agents as individuals"); COLO. R. CIV. P. 4(e)(1) (service at the workplace must be delivered to "the person's secretary, administrative assistant, bookkeeper, or managing agent; or . . . a person authorized by appointment or by law to receive service of process").

Plaintiff argues he should be allowed an extension of time to effectuate proper service. Under Rule 4, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). A plaintiff who seeks to rely on the good cause provision of Rule 4(m) "must show meticulous efforts to comply with the rule." *See In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Plaintiff does not show service was ever attempted on Defendants personally. Instead, Plaintiff relies on a misunderstanding—and misstatement—of the Colorado rule that swaps "managing agent" for "manager." This in insufficient to show good cause. *See id.* at 175.

Accordingly, Defendants' Motion [**Docket # 16**] is GRANTED and Plaintiff's Motions [**Docket ## 29, 36**] are DENIED.  The complaint is DISMISSED WITHOUT PREJUDICE as against Defendants Michael Miller, Craig Tyer, and Wayne Weyler.  Defendants' request for attorney fees and sanctions is DENIED.  Each party shall bear its own costs.


Dated: February ___25___, 2009.

                                        BY THE COURT:


                                        ___s/Lewis T. Babcock_____
                                        Lewis T. Babcock, Judge