IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   08-cv-02049-LTB-MJW

JAMES N. LANGE, JR.,

Plaintiff,

v.

CITY OF GRAND JUNCTION, COLORADO, et al.,

Defendants.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL TESTIMONY (DOCKET NO. 107)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for hearing on December 14, 2009, on Plaintiff's Motion to Compel Testimony (docket no. 107).  The court has reviewed the subject motion (docket no. 107), the response (docket no. 112), and the reply (docket no. 115) and has considered oral argument presented by the parties and also presented by Deputy Michael Miller's counsel.  The court has further considered, *in camera*, the entire personnel file for Deputy Michael Miller.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff seeks an order from this court compelling Deputy Michael Miller to answer questions in deposition concerning potentially adverse allegations made against him in his personnel file with the Mesa County Sheriff's Department. This relates to a statement in his 2002-2003 personnel evaluation as outlined below in paragraph 7;

5. That Deputy Michael Miller's deposition was taken on May 28, 2009. Mr. Miller was not represented by legal counsel at his deposition;

6. That during Mr. Miller's deposition, Plaintiff's counsel, Ms. Bangert, asked Mr. Miller on page 121: lines 10-17 the following:

> Q. (By Ms. Bangert) And would you look at page four, page numbered four. And there's a paragraph. **"This has been a year filled with a lot of personal emotions and stress for Investigator Miller that brought him a lot of undue hardships amidst false and unsubstantiated allegations in his personal life."** Can you tell me what that refers. See

deposition at 121: 10-17;

7. That the **entire statement** referenced in paragraph 6 above in Mr. Miller's personnel file reads as follows:

> **"This has been a year filled with a lot of personal emotions and stress for Investigator Miller that brought him a lot of undue hardships amidst false and unsubstantiated allegations in his personal life. Although this is unrelated to Investigator Miller's work performance and need not be addressed in this format, I bring it to light because through it all, Investigator Miller displayed many positive character traits and remand** [sic] **focus, displayed professional pride, and maintained high professional ethics."**

8. That during this hearing, Mr. Miller's counsel informed the court that Mr. Miller is not a target of any current criminal prosecution, and if he was a target of a criminal prosecution, the statute of limitations has run. Therefore, Mr. Miller's objection during his deposition to answering questions in this area of inquiry concerning the above state in paragraph 7 above on the basis of violation of his Fifth Amendment privilege is without merit;

9. That after reviewing the statement in paragraph 7 above, *in camera*, in the context of Deputy Miller's entire personnel file, I find

4

inquiry into this statement is irrelevant to the issues before this court and such inquiry will not lead to potential admissible evidence at trial. Moreover, it is not relevant on the issue of Deputy Miller's credibility at trial.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff Motion to Compel Testimony (docket no. 107) is **DENIED**;

2. That the entire personnel file of Deputy Michael Miller shall be **SEALED** and not opened except by further Order of Court;

3. That each party pay their own attorney fees and costs for this motion.

Done this 18th day of December 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE